**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4952**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

KOYA TIFFANY ROOKE, a/k/a KK,

Defendant - Appellant.

_____

**No. 13-4962**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

QUINTAVIS DEONTE DUMAS, a/k/a Tay,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:13-cr-00286-GBL-2; 1:13-cr-00286-GBL-1)

_____

Submitted: August 21, 2014          Decided: September 8, 2014

_____

Before WILKINSON, AGEE, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John O. Iweanoge, II, THE IWEANOGES' FIRM, P.C., Washington, D.C.; James W. Hundley, BRIGLIA HUNDLEY NUTALL & LOPEZ, P.C., Vienna, Virginia, for Appellants. Dana J. Boente, United States Attorney, Michael J. Frank, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Tiffany Koya Rooke and Quintavis Deonte Dumas of sex trafficking of a child, in violation of 18 U.S.C.A. § 1591(a)(1) (West 2012 & Supp. 2014). The district court sentenced the Appellants to 120 months of imprisonment each and they now appeal. Finding no error, we affirm.

The Appellants first argue that there was insufficient evidence to support the jury's finding of guilt. We review de novo a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216 (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted). Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067

(internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

In order to convict a defendant of a violation of § 1591(a)(1), the government must demonstrate, (1) that the defendant knowingly recruited, transported, harbored, maintained, obtained, or enticed a person, (2) in or affecting interstate commerce, (3) knowing or in reckless disregard of the fact that the victim had not attained the age of eighteen years and would be made to engage in a commercial sex act. See United States v. Garcia-Gonzalez, 714 F.3d 306, 312 (5th Cir. 2013) (listing three essential elements of child sex trafficking under § 1591(a)). However, "[i]n a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained or maintained, the [g]overnment need not prove that the defendant knew that the person had not attained the age of 18 years." 18 U.S.C.A. § 1591(c) (West Supp. 2014). We have thoroughly reviewed the record and conclude that there was substantial evidence of the Appellants' guilt of the offenses.

The Appellants also argue that the district court abused its discretion in issuing supplemental jury instructions

4

in response to a jury question without allowing defense counsel an opportunity for supplemental argument to the jury. "[T]he necessity, extent and character of any supplemental instructions to the jury are matters within the sound discretion of the district court." United States v. Horton, 921 F.2d 540, 546 (4th Cir. 1990). A district court may abuse that discretion, however, when the court provides a new theory to the jury in supplemental instructions without providing counsel an opportunity to argue the defendant's innocence under that new theory. Id. at 547; cf. United States v. Smith, 44 F.3d 1259, 1271 (4th Cir. 1995) (where supplemental instruction does not present a new theory of the case to the jury, no additional argument necessary). After reviewing the record and the relevant legal authorities, we find no abuse of discretion.

Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED